IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWIN LORENZANA REGALADO,<br><br>        Plaintiff/Petitioner,<br><br>vs.<br><br>SHIKHA DOSANJ, Warden, Federal Detention Center, Honolulu, Hawai'i; POLLY KAISER, Acting Field Office Director, San Francisco Field Office, Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States; MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in their official capacities,<br><br>        Defendants/Respondents. | CIV. NO. 26-00357 SASP-WRP<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

On July 9, 2026, Petitioner Edwin Lorenzana Regalado ("Regalado") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), challenging the legality of his detention by Immigration and Customs Enforcement ("ICE") and seeking, among other things, his immediate release from ICE custody, or, in the alternative, a bond hearing before an immigration judge. [Pet. Writ Hab. Corp. ("Pet."), ECF No. 1.] For the reasons stated, Regalado's Petition is hereby GRANTED IN PART.

Regalado is a native and citizen of Guatemala. [Pet. ¶ 22; Decl. of Emilio Ortegon, Jr. ("Ortegon Decl."), ECF No. 8-1 ¶ 6.] He asserts that he fled Guatemala on June 25, 2023, and entered the United States on or around August 29, 2023 without inspection. [Pet.

¶¶ 23–24.] Regalado remained in the United States for nearly two and a half years after entry, most of which was spent residing in Hawaiʻi, without detection. [*See* Pet. ¶¶ 2, 25.]

The record also shows that, in recent years, Regalado has had two law enforcement contacts. He was arrested by the Hawaiʻi Police Department on September 9, 2025, for operating a vehicle under the influence of an intoxicant in violation of Hawaii Revised Statutes ("HRS") § 291E-61, driving without a license in violation of HRS § 286-102, and for conditions of operation and registration of motor vehicles in violation of HRS § 431:10C-104; and again on January 6, 2026, for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-61, driving without a license in violation of HRS § 286-102, and for storing an open container containing an intoxicating liquor in a motor vehicle or consumption at scenic lookout in violation of HRS § 291-3.3. [*See* Ortegon Decl. ¶¶ 7–8.] The record does not indicate that Regalado has been convicted of these or any other offenses.

On or around January 8, 2026, ICE Enforcement and Removal Operations ("ERO") detained Regalado after determining that he had unlawfully entered the United States. [Ortegon Decl. ¶ 9.] On or around that same day, ERO served Regalado with a Notice to Appear ("NTA"), placing him in removal proceedings pursuant to Section 240 of the Immigration and Nationality Act ("INA").[1] [*Id.* ¶¶ 10–11; *see* NTA, ECF No. 8-2.] Three months later, on April 9, 2026, Regalado sought relief in his removal proceedings by filing an application for asylum. [Pet. ¶ 26 (citing Asylum Appl., ECF No. 1-7).] On April 14, 2026, an immigration judge denied Regalado's application for asylum, and ordered him removed to Guatemala. [Ortegon Decl. ¶ 13;

---

[1] The filing of a Notice to Appear with the immigration court initiates removal proceedings under Section 240 of the INA. *See* 8 U.S.C. § 1229(a). Section 240 proceedings refer to proceedings conducted by an immigration judge to decide the inadmissibility or deportability of an alien under the INA. *See* 8 U.S.C. § 1229a.

Pet. ¶ 27 (citing IJ Order, ECF No. 1-5).] Regalado appealed the decision to the Board of Immigration Appeals ("BIA"), where it remains pending. [Ortegon Decl. ¶ 14; Pet. ¶ 5 (citing BIA Filing Receipt for Appeal or Motion, ECF No. 1-6).] Thus, no final order of removal has been entered against him. Regalado has nonetheless been detained at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu") since his arrest nearly seven months ago, and has never received a bond hearing or any other individualized custody determination before a neutral decisionmaker. [*See* Ortegon Decl. ¶¶ 9, 15; Pet. ¶¶ 8–9, 51.] Now, Regalado invokes this Court's habeas jurisdiction, asserting, among other things, that his detention without a bond hearing is unlawful. [ECF No. 1.]

Many other courts have granted relief—that is, have ordered bond hearings—in cases analogous to this one. *See, e.g.*, *Rogelio C.Q. v. Warden of the Golden State Annex Det. Ctr.*, 1:26-cv-04317-MWJS, 2026 WL 1999922 (E.D. Cal. July 10, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248-MWJS, 2026 WL 1330831 (E.D. Cal May 12, 2026); *Jose C.L.L. v. Chestnut*, No.1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No.1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *see also Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026). The Court has considered these decisions and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions." *Mario Rene C.C. v. Warden*, No. 1:26-cv-03336-MWJS, 2026 WL 1370978, at *1 (E.D. Cal. May 15, 2026).

Accordingly, the Court issued an order to show cause [ECF No. 5], calling on Respondents to identify whether there were any factual or legal issues in this case that

distinguish it from the Court's prior order in *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166 (D. Haw. 2025). In response, Respondents acknowledge that there are no legal issues in this case that are substantively distinguishable from those in *Rico-Tapia*. [ECF No. 8 at PageID.58.] Instead, Respondents offer two factual distinctions in purported defense of Regalado's detention without a bond hearing.

First, Respondents suggest that Regalado's two criminal arrests warrant his continued detention without a bond hearing. [ECF No. 8 at PageID.58.] While Respondents do not cite to any specific statutory provision in support of their contention, 8 U.S.C. § 1226(c) governs mandatory detention of criminal aliens. That provision, however, applies to individuals *convicted* of certain crimes. *See* 8 U.S.C. § 1226(c). A "conviction" for purposes of § 1226(c), requires a formal judgment of guilt, or a plea or admission of facts coupled with the imposition of some form of punishment. *See* 8 U.S.C. § 1101(a)(48)(A). Under that definition, Regalado does not have a qualifying conviction under the statute: Respondents' records reflect that each of the two arrests has no disposition. [*See* Ortegon Decl., ¶¶ 7–8.] Further, the Government's NTA charges only presence without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i),[2] and lodges no criminal ground of inadmissibility or deportability. [NTA, ECF No. 8-2.] Accordingly, Regalado's two criminal arrests do not subject him to the mandatory detention prescribed by 8 U.S.C. § 1126(c).

---

[2] Respondents assert that Regalado was charged as an alien present in the United States without being admitted or paroled pursuant to Section 212(a)(6)(A)(i) of the INA, which is codified at 8 U.S.C. § 1182(a)(6)(A)(i). [*See* Ortegon Decl. ¶ 10.]

Second, Respondents argue that Regalado's detention is lawful under 8 U.S.C. § 1225(b)(2),[3] as an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b). Yet this Court and many others have considered and rejected that theory, concluding that a noncitizen arrested in the interior of the United States and placed in ordinary removal proceedings under Section 240 of the INA is detained under § 1226(a), not § 1225(b). *See, e.g.,* *Rico-Tapia*, 806 F. Supp. 3d at 1177–81. The Court has again considered these decisions— including the decisions collected in the preceding paragraphs—and concluded that they reach the correct result based on the current state of Supreme Court and circuit precedent.

Accordingly, this Court ORDERS the following:

1.      Regalado's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, to the extent that Regalado contends that he is entitled by statute to a bond hearing.

2.      Regalado is entitled to a bond hearing before a neutral arbiter in immigration court, and Respondents shall provide this hearing within seven (7) days of the date of this Order. At such bond hearing, Respondents shall bear the burden of proving, by clear and convincing evidence, that Regalado is a flight risk or danger to the community such that his physical custody is legally justified.

3.      Respondents shall file a status report within ten (10) days of the date of this Order, confirming whether a bond hearing was held and, if so, the outcome of that hearing.

4.      Nothing in this Court's Order should be read to preclude Regalado from filing a supplemental habeas petition challenging the fundamental fairness of any bond hearing he does receive once the process before a neutral arbiter in immigration court is complete.

---

[3] Respondents assert that Regalado was arrested and detained pursuant to Section 235(b)(2) of the INA, which is codified at 8 U.S.C. § 1225(b)(2). [*See* ECF No. 8 at PageID.58 (citing Ortegon Decl. ¶ 9).]

5

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 27, 2026.



Shanlyn A.S. Park
United States District Judge

---

*Lorenzana Regalado v. Dosanj et al,* Civil No. 26-00357-SASP-WRP; ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS